PER CURIAM.
The appellant challenges that portion of his sentence for grand theft in which the trial court ordered the clerk of the court to forward the record of his conviction to the Department of Highway Safety and Motor Vehicles for revocation of his driver’s license. Because the trial court failed to comply with this court’s prior mandate, we vacate this portion of appellant’s sentence.
In Vachris v. State, 553 So.2d 375 (Fla. 2d DCA 1989) (Vachris I), this court re *446 versed the trial court’s suspension of appellant’s license, because grand theft is not an offense for which the trial court could suspend the license. The panel further noted:
[T]he state also points out that there was evidence that an automobile was used in the grand theft. In such a case, the trial court may forward the record of the conviction and the factual basis showing the use of the motor vehicle to the Department of Highway Safety and Motor Vehicles which must revoke the driving privileges pursuant to Florida Statutes 322.26(3) (1987).
Id. at 375-376.
We hold that the trial court erred in failing to follow our prior mandate to forward a factual basis for the revocation of appellant’s license, along with his conviction, to the Department. Although the state again contends there is evidence that appellant used a motor vehicle in the commission of the grand theft, this evidence is not properly before us on appeal. Accordingly, we vacate this portion of appellant’s sentence and remand the matter to the trial court. Upon remand, the trial court shall follow our decision in Vachris I if it determines that the Department should revoke appellant’s license.
CAMPBELL, A.C.J., and LEHAN and THREADGILL, JJ., concur.